OPINION OF THE COURT
Memorandum.
Ordered that the judgment is modified by providing that plaintiff is awarded the principal sum of $4.87 as against defendant Suffolk County Dept, of Finance & Taxation; as so modified, the judgment is affirmed, without costs.
Plaintiff alleges in this small claims action that he was wrongfully charged a late fee and an excessive rate of interest on his real property taxes. Additionally, he seeks to recover for the time he has spent and expenses he has incurred in prosecuting this litigation.
At a nonjury trial, plaintiff testified that he owned a home in Suffolk County; that real property taxes were due for his home on May 31, 2011; and that, consistent with his past practice, on the day the taxes were due, he went to a United States post office and mailed a check in payment of his real property taxes to Suffolk County Dept, of Finance & Taxation (defendant). Defendant established, however, that plaintiffs envelope had been postmarked only on June 6, 2011. Defendant thereafter assessed a total sum of $267.27 against plaintiff for the period through October 31, 2011, which sum included a late fee and interest. Plaintiff paid this sum under protest. Plaintiff asserted at trial, and continues to argue on appeal, that his tax payment was timely and, in addition, that he was charged an excessive rate of interest.
Suffolk County real property taxes become a lien against property on December first of each year (Suffolk County Tax Act [SCTA] [L 1920, ch 311, as amended] § 13 [b]), although where, as here, two half-year payments have been authorized, no penalty is due if the first half of the annual taxes is paid on or before the succeeding January 10th and the second half is paid on or before the succeeding May 31st (SCTA § 13 [c]). Where real property taxes are paid by mail, the date of the postmark is *94 deemed to be the payment date (see Real Property Tax Law § 925 [1] [a]; see also 1981 Ops St Comp No. 1981-264). Since it was established that the envelope in which plaintiff’s second half taxes were mailed was postmarked June 6, 2011, we find that the District Court properly concluded that plaintiffs tax payment was untimely.
SCTA § 13-a (1) imposes a penalty on late real property tax payments, calculated at the rate of five percent of the amount of the unpaid tax. The real property tax due from plaintiff on May 31st was $2,319.68; defendants therefore correctly determined that plaintiff owed a penalty of five percent of that sum, which equals $115.98. When a payment due on May 31st is late, interest is owed on both the tax and on the penalty (see SCTA § 13-a [2]), and is computed from the first day of February for each month or part thereof (SCTA § 13-a [3]) at the minimum rate of one percent per month (see SCTA § 13-c [1], [2]). As plaintiff is deemed to have paid the tax as of June 6, 2011, interest was due for the five-month period from February through June 2011 at the rate of one percent per month on the combined sum of plaintiffs unpaid tax and the penalty. Thus, we find that the sum of $237.76 in penalty and interest was properly assessed against plaintiff for this period.
However, for the ensuing four months, until plaintiff paid defendant the full amount demanded, interest should have been assessed against plaintiff at the rate of one percent per month or part thereof only on the $115.98 (penalty amount), and not on the interest that had previously accrued. As a result, plaintiff should have been charged only $4.64 in interest for that period. Instead, plaintiff was charged interest on the combined penalty and the interest that had accrued through June 2011, for a total of $9.51. Consequently, the judgment failed to render substantial justice between plaintiff and defendant Suffolk County Dept, of Finance & Taxation according to the rules and principles of substantive law (UDCA 1804, 1807), and, rather, should have been entered in favor of plaintiff in the principal sum of $4.87, the amount of the overcharge.
We note that among the charges defendant assessed against plaintiff was a $20 component for a sale advertising cost, which species of assessment is authorized under SCTA § 13-a (3).
Plaintiff failed to cite any statute, agreement or court rule pursuant to which he was entitled to recover for his litigation costs and the time he spent pursuing this matter, and we conclude that the District Court properly denied plaintiffs claim *95 to recover for this item. In view of the foregoing, we leave undisturbed so much of the judgment as dismissed plaintiffs cause of action against defendant Christine Malafi.
Accordingly, the judgment is modified by providing that plaintiff is awarded the principal sum of $4.87 against defendant Suffolk County Dept, of Finance & Taxation.
Maraño, J.E, Nicolai and LaSalle, JJ., concur.